STATE, LEHIGH VALLEY RAILROAD COMPANY, PROSECU-
TORS, v. MAYOR AND COMMON COUNCIL OF THE CITY
OF NEWARK AND THOMAS AGENS.

1. The allowance of costs on *certiorari* is in the discretion of the court.
2. Where an assessment of taxes has been made in good faith on prop-
erty which, by the prosecutor's charter, is exempt from taxation, costs
will not be allowed to the prosecutor on setting aside the taxes on
*certiorari*, where application for relief has not been made to the local
authorities, unless the defence in the *certiorari* suit has been conducted
vexatiously.

On *certiorari* to set aside assessments of taxes and declara-
tions of sale.

Argued at February Term, 1882, before Justices DEPUE
and PARKER.

For plaintiff in *certiorari*, *T. N. McCarter.*

The opinion of the court was delivered by

DEPUE, J.   Two writs of *certiorari* were sued out by the
prosecutor to remove assessments of taxes and the declarations of
sale thereon, for the years 1873, 1874, 1875, 1876, 1877, 1878
and 1879.   The writs were allowed June 19th, 1880.   They
were sued out in aid of a defence in an action of ejectment,
so that their allowance was a matter of right without regard
to time.   *Rev., p.* 1045, § 15; *State, Baxter, pros., v. Jersey
City,* 7 *Vroom* 188.   Otherwise the writs would be dismissed
with respect to some of those assessments, for laches.   *State,
U. N. J. R. R. & C. Co., pros., v. Binninger,* 13 *Vroom* 528.

The prosecutor is the lessee of the Morris Canal and Bank-
ing Company, and the lands with respect to which the taxes
were laid appear by the depositions to be such as were exempt
from taxation under the charter of the latter company.   *State*

v. *Betts*, 4 *Zab*. 555.   The assessments, with the declarations
of sale thereon, must therefore be set aside.

But the reversal should be without costs.   The allowance
of costs on *certiorari* is in the discretion of the court.   *Rev.*, p.
99, § 8.   In allowing or disallowing costs to the successful
party, the court will be governed by the circumstances of the
particular case.

The premises on which the taxes were laid are situate on
Washington street, in the city of Newark, adjacent to the
Morris canal, and known as No. 198 Washington street.
They were acquired by the canal company in 1871, in ex-
change for a lot the company owned in Madison street, which
was held and permitted to be used as a free dock for the use
of shippers on the canal.   The Madison street lot had upon it
a sign indicating that it was a free dock.   This sign was never
put upon the Washington street lot.   The latter premises were
enclosed, and had on them an office, which was sometimes oc-
cupied by persons not employed by the company.   They were,
in fact, used very little for the loading, unloading and storage
of freight shipped on the canal, and had the appearance of
being property for which the prosecutor was taxable.   *State,
Morris Canal and Banking Co., pros.,* v. *Love,* 8 *Vroom* 60.

The depositions show that the premises were enclosed to
keep off nuisances, and the occupants were mere custodians
of the property without paying rent, with the privilege of
storing and selling a little coal on them, allowing others the
free use of the dock if they required it.   The property was,
therefore, such as was exempt from taxation under the charter
of the Morris Canal and Banking Company.

There are no grounds for believing that the taxes were not
assessed in good faith.   The sales for taxes were regularly
advertised.   No application was made to the commissioners
of appeal in cases of taxation to remit the taxes, or to the
common council for relief.

Where an assessment for taxes has been made in good faith
on property which is exempt from taxation, costs will not be
allowed to the prosecutor on a *certiorari* on setting the taxes

aside, where no application for relief has been made to the proper local authorities, unless the defence to the *certiorari* suit has been conducted vexatiously.

The assessments and declarations of sale are set aside, without costs.